**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annastaisha Lyons, et al., | No. CV-19-05880-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Mesa Public School District, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Annastaisha Lyons ("Plaintiff AL") and Mr. Lyons's ("Plaintiffs") Motion for Reconsideration Regarding Court's Granting of Summary Judgment on Loss of Consortium Claim (Doc. 114). For the reasons set forth below, the Court denies the Motion.

## BACKGROUND

Plaintiffs sued Mesa Public School District ("the District") and Joshua Bribiescas ("Defendant Bribiescas") for claims arising out of a series of sexual assaults committed against Plaintiff AL by Kyler Ashley ("Defendant Ashley"), her junior varsity basketball coach. (Doc. 1.) The Court granted summary judgment on all but two claims: § 1983 liability for the District and negligence for Defendant Bribiescas. (Doc. 113 at 13–14.) The Court dismissed Plaintiffs' claim for loss of consortium against the District because the District was immune from liability, and it dismissed the same claim against Defendant Bribiescas because Plaintiffs had failed to establish a substantial interference with their

1    parent–child relationship.  (Doc. 113 at 10–11.)  Plaintiffs now ask the Court to reconsider

2    its substantial interference finding.  (Doc. 114.)

3                                                    **DISCUSSION**

4    **A.  Legal Standard**

5            A motion for reconsideration will be denied "absent a showing of manifest error or

6    a showing of new facts or legal authority that could not have been brought to [the Court's]

7    attention earlier with reasonable diligence."  LRCiv 7.2(g)(1).  "Mere disagreement with a

8    previous order is an insufficient basis for reconsideration."   *Ross v. Arpaio*, No.

9    CV-05-4177–PHX–MHM, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008).  Nor should

10   reconsideration be used to make new arguments or to ask the Court to rethink its analysis.

11   *Id.*

12           Courts in this district have identified four circumstances where a motion for

13   reconsideration will be granted: (1) the moving party has discovered material differences

14   in fact or law from those presented to the Court at the time of its initial decision, and the

15   party could not previously have known of the factual or legal differences through the

16   exercise of reasonable diligence; (2) material factual events have occurred since the Court's

17   initial decision; (3) there has been a material change in the law since the Court's initial

18   decision; or (4) the moving party makes a convincing showing that the Court failed to

19   consider material facts that were presented to the Court at the time of its initial decision.

20   *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz.

21   2003).

22           Although Plaintiffs fail to cite the legal standard in their Motion, it appears that they

23   are arguing the fourth point—that the Court failed to consider material facts.  (Doc. 114 at

24   1–2.)  However, Plaintiffs do not appear to challenge the Court's finding that the District

25   is immune from liability for loss of consortium.  (Doc. 113 at 10.)  Because Plaintiffs focus

26   solely on the merits of the loss of consortium claims, instead of challenging the District's

27   immunity, the Court will not reconsider its immunity finding.  The Court will therefore

28   reconsider the claim only as to Defendant Bribiescas.

**B. Analysis**

"[P]arents may maintain a cause of action for loss of their child's consortium when the child suffers a severe, permanent, and disabling injury that substantially interferes with the child's capacity to interact with his parents in a normally gratifying way." *Pierce v. Casas Adobe Baptist Church*, 162 Ariz. 269, 272, 782 P.2d 1162, 1165 (1989) (footnote omitted). "Although evidence of a significant interference in the parent-child relationship must exist, the injury need not be the functional equivalent of death or even be categorized as 'catastrophic.'" *Id.* "Whether the threshold of a significant interference with the normal relationship between parent and child has been met is a question of law for the judge to determine." *Id.* "Once the judge finds that the child's injuries are sufficiently severe to warrant a cause of action for loss of consortium, the trier of fact determines the question of recovery or the amount recoverable based on the degree of that interference." *Id.*

As to the loss of consortium claims against Defendant Bribiescas, the Court found that Plaintiffs had failed to establish that "the abuse substantially interfered with the Plaintiffs' parent–child relationship." (Doc. 113 at 11.) Although Plaintiffs now contend that the issue was "adequately addressed in the Response to the Motion for Summary Judgment," (Doc. 114 at 2,) the Court found—and still finds—the evidence lacking. The loss of consortium analysis in Plaintiff's Response is only two pages long. (Doc. 98 at 15-16.) Of those two pages, only two sentences[1] analyze the abuse's effect on Plaintiffs' relationship:

> John Lyons further told Dr. Samuels that [Plaintiff AL] withdrew from him and exhibited symptoms of distancing, increased edginess, more argumentative and yelling. [Plaintiff AL] testified that her relationship will never be the same with her father, and that she will have issues for the rest of her life as a result of what the two individual Defendants did to her.

(Doc. 98 at 15 (citations omitted).)

---

[1] The Court did not—and does not—question that Plaintiff AL suffered an injury that could have been "severe, permanent, and disabling." (Doc. 98 at 15.) Instead, the Court's holding rested on whether the alleged injury *substantially interfered* with the relationship between Plaintiff AL and Mr. Lyons. (Doc. 113 at 11.) The inquiry considers the relationship before the injury and after the injury to determine whether there has been a relevant change that amounts to a "substantial interference." That showing was not made in this case.

Notably, the second sentence has no support in the record. Plaintiff cited to "[Plaintiff AL]'s Deposition" as support for this contention. (Doc. 98 at 15); (Doc. 99 at 5.) No page number was provided. In Plaintiff's current Motion, Plaintiff cites the following exchange as support for PLAINTIFF AL's statement:

> [MR. RAYNAK]: Do you believe you will ever have the same relationship with anyone, whether it be your twin sister or your father or anyone else--
> MR. WELKER: Form.
> BY MR. RAYNAK:
>    Q. -- because of what Kyler Ashley and Josh Bribiescas did? Do you think you'll ever be the same?
> MR. WELKER: Form.
> MR. HENDRICKS: Form.
> BY MR. RAYNAK:
>    Q. Do you believe that you will have issues for the rest of your life because of this?
> MR. WELKER: Form.
> THE WITNESS: Yes.

This exchange does not support that "[Plaintiff AL] testified that her relationship will never be the same with her father." (Doc. 98 at 15.) Plaintiff never answered that question. She answered the question, "Do you believe that you will have issues for the rest of your life because of this?" (Doc. 99-4 at 7–8.) Clearly, that is a distinct assertion from the one purporting that her relationship will never be the same. Therefore, of Plaintiff's two sentences of analysis on this point, the Court finds the second sentence unpersuasive.

The first sentence is thus the only support in the Response to show that the interference with Plaintiffs' relationship was "substantial." Plaintiff cited to "Dr. Samuels' deposition" as support. (Doc. 98 at 15); (Doc. 99 at 5.) Again, there was no page number provided, and again, Dr. Samuels's deposition offers no support for this assertion. However, as Plaintiffs point out, Dr. Samuels's report does support the assertion, which the Court noted in its Order. (Doc. 113 at 11 ("Only Plaintiffs' final assertion, regarding Mr. Lyons noticing changes in Plaintiff AL's personality, is supported by any citation . . . .")) But even when the Court considered Dr. Samuels's report—despite the miscitation and lack of a page number—it found that Plaintiffs had failed to establish a

substantial interference with their relationship.  (Doc. 113 at 11.)  That Plaintiff was "distant," "argumentative," "irritable and moody" is not enough to establish a substantial interference.[2]  (Doc. 99 at 6); *see Borunda v. Rico*, No. 1 CA–CV 12–0859, 2013 WL 6327652, at *1, 8 (Ariz. Ct. App. 2013) (holding that the plaintiff's nightmares, difficulty sleeping, anger, and fear were not enough to establish a substantial interference).

The only evidence that Plaintiffs' relationship was specifically affected by the assault was that Plaintiff AL "will yell at [Mr. Lyons]; something that very rarely occurred before this all happened."  (Doc. 99-4 at 18.)  But yelling is not enough to establish that the injury substantially interfered with the relationship, especially in light of Plaintiffs' deposition testimony: Plaintiff AL testified that she is able to express her love to Mr. Lyons, and they are able "to do things together," and Mr. Lyons testified that Plaintiff AL loves him and "expresses love for [him]."  (Doc. 89-1 at 11–12); (Doc. 89-3 at 3.)  Plaintiffs took trips together before the assaults and have continued to take trips together after the assaults, including to Disneyland and Las Vegas.  (Doc. 89-3 at 4–5); (Doc. 89-1 at 13.)  Plaintiffs have failed to produce sufficient evidence for the Court to conclude—as a matter of law— that Plaintiff AL's injury substantially interfered with the parent–child relationship. Therefore, Plaintiffs' Motion for Reconsideration is denied.

## CONCLUSION

Because Plaintiffs have failed to show that the Court committed "manifest error" when it granted summary judgment on the loss of consortium claim, the Court denies their

---

[2] Plaintiffs once again ask the Court to consider Plaintiffs' affidavits.  (Doc. 114 at 6, 12.) As stated in the prior order, (Doc. 113 at 11 n.10), Plaintiffs have failed to show that they disclosed the facts in the affidavits by the close of discovery.  Plaintiffs had an obligation under the Mandatory Initial Disclosure Pilot Project to disclose "facts that are relevant to the claims and defenses in the case" by the close of fact discovery.  D. Ariz. G.O. 17-08 at 2, 4; (Doc. 5 at 4, 6); (Doc. 36.).  The affidavits are dated April 13, 2021—five months after the close of fact discovery.  (Doc. 99-6 at 20, 22.)  Moreover, the affidavits themselves indicate their contents were never disclosed: "[Plaintiffs] did not see where the defense attorneys asked [them] about how [their] relationship . . . changed."  (Doc. 99-6 at 19, 21.) However, it was Plaintiffs' burden—not Defendants'—to disclose these facts in the record before the close of fact discovery.  "A party is not excused from providing its response because it has not fully investigated the case, it challenges the sufficiency of another party's response, or another party has not provided a response."  D. Ariz. G.O. 17-08 at 2; (Doc. 5 at 4.)  The Court, therefore, declines to consider the affidavits.  D. Ariz. G.O. 17-08 at 4; Fed. R. Civ. P. 37(b)(2).

Motion for Reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 114) is **DENIED**.

Dated this 28th day of October, 2021.

G. Murray Snow
Chief United States District Judge